**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LA'MAR WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN GARZA, Warden,<br><br>    Respondent. | No. CV 17-9178-RGK (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

La'Mar Williams ("petitioner") initiated this action on December 22, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his September 16, 2010,[1] conviction in the Los Angeles County Superior Court, case number BA370727, for arson of an inhabitable structure

---

[1] The 2017 Petition indicates that petitioner was convicted on June 12, 2009. (2017 Pet. at 2). In the prior habeas action petitioner brought in this Court, the conviction date was noted as November 4, 2010, by petitioner (CV 13-4886-RGK (PLA) ("CV 13-4886"), ECF No. 1) and as September 16, 2010, as reflected in the Clerk's Transcript. (CV 13-4886, ECF No. 23 at 3). As the 2017 Petition appears to be successive and/or time barred under any of these conviction dates, the Court uses September 16, 2010, as the date of conviction.

1 | (Cal. Penal Code § 451(b)). (2017 Pet. at 2).[2]  Petitioner was sentenced on November 4, 2010. (Id.).

The Court observes that on July 8, 2013, petitioner filed an earlier habeas petition in this Court, in case number CV 13-4886, also challenging his 2010 conviction ("2013 Petition"). The 2013 Petition was dismissed with prejudice on the merits, pursuant to the Judgment entered on June 17, 2014. (Case No. CV 13-4886, ECF No. 25). Petitioner's request for a certificate of appealability was denied by the District Judge. (Case No. CV 13-4886, ECF No. 26). Petitioner did not appeal from that judgment.

**I.**

**DISCUSSION**

**A.    SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

---

[2]   For ease of reference, the Court refers to the ECF-generated page numbers when referring to the 2017 Petition.

2

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2013 Petition, petitioner raised the following grounds for relief: (1) the trial court erred by declining to dismiss his prior "strike" felony for sentencing purposes; and (2) appellate counsel rendered ineffective assistance because he did not adequately research Supreme Court precedent regarding "the issues of striking a prior conviction." (CV 13-4886, ECF No. 23 at 8). As mentioned above, the 2013 Petition was dismissed with prejudice on the merits. In the 2017 Petition, petitioner appears to raise the same sentencing error claim that he raised in the 2013 Petition, as well as the following additional claims: (1) one of petitioner's strikes did not qualify as a strike pursuant to People v. Super. Ct. (Romero), 13 Cal. 4th 497, 529-30 (1996); and (2) trial counsel failed to challenge the prosecutor's misconduct, thereby rendering ineffective assistance. (2017 Pet. at 5-6).

Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even though petitioner is seeking to present new claims in the 2017 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. Thus, the 2017 Petition is successive. However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek *and receive* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When

the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, it appears that dismissal of the 2017 Petition as successive is appropriate.

**B.      STATUTE OF LIMITATIONS**

The 2017 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on September 16, 2010. On May 24, 2012, the California Court of Appeal affirmed the conviction in part, remanded the matter for resentencing,[4] and ordered the trial court to modify the abstract of judgment to reflect 587 days of total presentence custody credit. (Official Records of California Courts). On July 2, 2012, petitioner filed a petition for review in the California Supreme Court that was summarily denied on August 8, 2012. (CV 13-4886, ECF No. 23 at 3).[5]  (Id.). Thus, his conviction became final on November 8, 2012, when the ninety-

---

[3]    Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[4]    The California Court of Appeal found that the trial court had improperly stayed a one-year prison term enhancement and remanded to either impose or strike the one-year enhancement. (Official Records of California Courts).

[5]    Petitioner also sought collateral relief in the state courts. On January 28, 2011, he filed a habeas petition in the California Supreme Court that was denied on July 20, 2011. (Case No. CV 13-4886, ECF No. 23 at 3-4). On December 12, 2011, he filed a second habeas petition in the California Supreme Court that was denied on August 15, 2012, with citation to In re Clark, 5 Cal. 4th 750-797-98 (1993) (as successive and/or untimely). (Id. at 4). On February 11, 2013, he filed a third habeas petition in the California Supreme Court that was denied on April 10, 2013, with a citation to In re Waltreus, 62 Cal. 2d 218, 225 (1965) (issue rejected on appeal cannot be renewed on habeas). (Id.). On February 15, 2013, petitioner filed a habeas petition in the California Court of Appeal that was summarily denied on February 27, 2013. (Id.). On February 25, 2013, he filed a fourth habeas petition in the California Supreme Court that was denied on April 10, 2013, with citation to In re Clark, 5 Cal. 4th at 797-98. (Id.). On July 5, 2017, he filed a second habeas
(continued...)

day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had until November 8, 2013, to file his federal habeas petition.

Petitioner did not constructively file his 2017 Petition until December 3, 2017 -- the date he signed the 2017 Petition -- over four years after the one-year limitation period expired on November 8, 2013. (2017 Pet. at 8). On its face, therefore, it appears that the 2017 Petition is also untimely.[6]

## II.

## ORDER

Based on the foregoing, petitioner is **ordered to show cause** why the 2017 Petition should not be dismissed as successive and/or as barred by the statute of limitations.

Specifically, **no later than January 26, 2018,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the 2017 Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

---

[5](...continued)
petition in the California Court of Appeal that was summarily denied on July 17, 2017. (Official Records of California Courts). Finally, on August 3, 2017, he filed a fifth habeas petition in the California Supreme Court that was denied on October 18, 2017, with citation to In re Clark, 5 Cal. 4th at 767-69 (as successive), and In re Robbins, 18 Cal. 4th 770, 708 (1998) (as untimely).

[6] On November 20, 2012, the superior court held a hearing on the court of appeal's remittitur and, on November 28, 2012, took some unspecified "judicial action." (Id.). Petitioner did not file another direct appeal from that "judicial action." Even if the Court assumes that petitioner's conviction became final on January 7, 2013 -- forty days after the superior court's "judicial action" on remand from the California Court of Appeal -- the statute of limitations expired years before the filing of the 2017 Petition. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).

**Failure to respond by January 26, 2018, will result in the 2017 Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations and/or for failure to prosecute or to comply with court orders.**[7]

DATED: December 28, 2017

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[7] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.