# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LA'MAR WILLIAMS,<br><br>           Petitioner,<br><br>    v.<br><br>JOHN GARZA, Warden,<br><br>           Respondent. | No. CV 17-9178-RGK (PLA)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION AS SUCCESSIVE** |

## I.
## BACKGROUND

La'Mar Williams ("petitioner") initiated this action on December 22, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his September 16, 2010,[1] conviction in the Los Angeles County Superior Court, case number BA370727, for arson of an inhabitable structure

---

[1] The 2017 Petition indicates that petitioner was convicted on June 12, 2009. (2017 Pet. at 2). In the prior habeas action petitioner brought in this Court, the conviction date was noted as November 4, 2010, by petitioner (CV 13-4886-RGK (PLA) ("CV 13-4886"), ECF No. 1) and as September 16, 2010, as reflected in the Clerk's Transcript. (CV 13-4886, ECF No. 23 at 3). As the 2017 Petition appears to be successive and/or time barred under any of these conviction dates, the Court uses September 16, 2010, as the date of conviction.

(Cal. Penal Code § 451(b)). (2017 Pet. at 2).[2] Petitioner was sentenced on November 4, 2010. (Id.).

The Court observes that on July 8, 2013, petitioner filed an earlier habeas petition in this Court, in case number CV 13-4886-RGK (PLAx) ("CV 13-4886"), also challenging his 2010 conviction ("2013 Petition"). The 2013 Petition was dismissed with prejudice on the merits, pursuant to the Judgment entered on June 17, 2014. (Case No. CV 13-4886, ECF No. 25). Petitioner's request for a certificate of appealability was denied by the Court. (Case No. CV 13-4886, ECF No. 26). Petitioner did not appeal from that judgment.

On December 28, 2017, the Magistrate Judge issued an order requiring petitioner to show cause no later than January 26, 2018, why the 2017 Petition should not be dismissed as successive and/or as barred by the statute of limitations. (ECF No. 4). On January 25, 2018, petitioner filed a copy of a completed Ninth Circuit "Application for Leave to File Second or Successive Petition" ("Application") along with a number of exhibits. Accordingly, the Magistrate Judge discharged the December 28, 2017, Order to Show Cause.

**II.**

**DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[2] For ease of reference, the Court refers to the ECF-generated page numbers when referring to the 2017 Petition.

2

>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2013 Petition, petitioner raised the following grounds for relief: (1) the trial court erred by declining to dismiss his prior "strike" felony for sentencing purposes; and (2) appellate counsel rendered ineffective assistance because he did not adequately research Supreme Court precedent regarding "the issues of striking a prior conviction." (CV 13-4886, ECF No. 23 at 8). As mentioned above, the 2013 Petition was dismissed with prejudice on the merits. In the 2017 Petition, petitioner appears to raise the same sentencing error claim that he raised in the 2013 Petition, as well as the following additional claims: (1) one of petitioner's strikes did not qualify as a strike pursuant to People v. Super. Ct. (Romero), 13 Cal. 4th 497, 529-30 (1996); and (2) trial counsel failed to challenge the prosecutor's misconduct, thereby rendering ineffective assistance. (2017 Pet. at 5-6).

Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even though petitioner is seeking to present new claims in the 2017 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. Thus, the 2017 Petition is successive. However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), **petitioner nevertheless is required to seek *and receive* authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Although petitioner may have submitted his Application for leave to file a

successive petition to the Ninth Circuit,[3] there is no indication that petitioner has **obtained** such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2017 Petition as successive is appropriate.[4]

### III.
### ORDER

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.[5]

DATED: January 31, 2018

*Gary Klausner*
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[3] As of the date of this Order, the Ninth Circuit website does not yet reflect that petitioner has submitted his Application to that court.

[4] The 2017 Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner filed the 2017 Petition on December 3, 2017. (ECF No. 1). On its face, therefore, the 2017 Petition, filed more than seven years after petitioner's conviction, also appears to be barred by the statute of limitations. The Court observes that on November 20, 2012, the superior court held a hearing on the court of appeal's remittitur and, on November 28, 2012, took some unspecified "judicial action." (Id.). Petitioner did not file another direct appeal from that "judicial action." Even if the Court assumes that petitioner's conviction became final on January 7, 2013 -- forty days after the superior court's "judicial action" on remand from the California Court of Appeal -- the statute of limitations expired years before the filing of the 2017 Petition. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).

[5] If petitioner *obtains* permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

4